UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL C. PORTEE, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:04-CV-768 RM |
| DR. JOHN VANNATTA, *et al.,* | ) |
| Defendants | ) |

OPINION AND ORDER

Daniel Portee, a prisoner confined at the Miami Correctional Facility, submitted a seventy-nine page complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction officials violated his federally protected rights. In its screening order of July 14, the court dismissed several claims and allowed Mr. Portee to proceed on his remaining claims. Mr. Portee now moves to reconsider the dismissal of causes of action four, sixteen, and seventeen and part of cause of action thirteen.

In cause of action four, Mr. Portee alleged that Dr. Ericsson's failure to reissue the medical pass for his cane before September 16, 2003 constituted deliberate indifference to his serious medical needs. The court dismissed this claim on the basis that allegations that Dr. Ericsson didn't restore Mr. Portee's cane until after the prison disciplinary board determined that he had not used it as a weapon states no claim upon which relief can be granted. Mr. Portee now points to portions of his lengthy complaint that suggest that Dr. Ericsson did not restore his cane for several months even though he had notified Dr. Ericsson that

the finding of guilt in the disciplinary action had been set aside and he needed his cane to "ambulate without pain." (Complaint at p. 14).

It would have been better had Mr. Portee submitted a "short plain statement of the claim," Fed. R. Civ. P. 8(a)(1), rather than a seventy-nine page narrative. But Mr. Portee has now pointed to language in the complaint that might support an Eighth Amendment claim against Dr. Ericsson within the meaning of Estelle v. Gamble, 429 U.S. 97, 106 (1976), and the court will allow him to proceed against Dr. Ericsson.

In his thirteenth cause of action, Mr. Portee presented a retaliation claim and a denial of access to the law library claim against Law Library Supervisor Barbara Kasper. The court allowed Mr. Portee to proceed on his retaliation claim but dismissed the access claim because it didn't appear that lack of access to the facility law library resulted in any actual injury to his efforts to present or prosecute a non-frivolous claim. Mr. Portee asserts that lack of access to the law library resulted in judgment being entered against him in Portee v. Penfold, 3:02-cv-514RM.

The docket in 3:02-cv-514 establishes that on August 13, 2004, the Magistrate Judge submitted a report and recommendation recommending that judgment be entered against Mr. Portee. The parties filed no objections and on October 6, 2004, the court adopted the magistrate's report and recommendation. The clerk entered judgment against Mr. Portee the following day.

Mr. Portee contends that he was unable to respond to the report and recommendation because defendant Kasper denied him access to legal materials

2

from August through October 2004. But even without access to the law library or legal materials, Mr. Portee could have written a motion for enlargement of time to this court stating that he needed additional time to respond to the report and recommendation because he could not get to the law library in time to file a timely response on the merits. Had he done so, the court could have enlarged the time within which he had to respond to the report and recommendation. Because Mr. Portee did not seek additional time within which to respond to the report and recommendation in 3:02-cv-514RM, the court will not reinstate the lack of legal access claim in cause of action thirteen.

In cause of actions sixteen and seventeen of his complaint, Mr. Portee alleged that on June 14, 2004, Correctional Sergeant Foth confiscated his legal papers pertaining to an upcoming hearing in 3:02-cv-514 because "the amount of legal paper you have is excessive and a fire hazard." (Complaint at p. 68). Mr. Portee says he complained to Correctional Sergeant Durham, who looked into the matter and agreed with the confiscation.

> Because plaintiff had never represented himself in a trial, he became overwhelmed with the thought that his case would be dismiss[ed] because he wasn't prepared. As a result he was unable to sleep at all the night before he had to represent himself in a serious civil proceeding against trained attorneys. Due to the plaintiff's inability to get any sleep the night before his trial, he was unable to do a good job on staying aware to evidence presented by the defendants and failing to raise a timely objection. The lack of sleep damaged the plaintiff's case.

(Complaint at. p. 70.)

When it screened the complaint, the court believed that Mr. Portee had received these papers back before trial. In any event, the court concluded that

3

allegations that lack of sleep "prevented him from doing a good job with his case by raising timely objections to evidence" (Complaint at p. 72) stated no claim upon which relief could be granted against defendants Forth and Durham.

Mr. Portee now asserts specifically that he did not get the legal materials back until after the hearing, and points to portions of the complaint supporting that allegation. If confiscation of these documents caused Mr. Portee actual harm at trial—for example, if the confiscated documents included exhibits he was precluded from placing in evidence—he should have raised the question at the time of trial in 3:02-cv-514. But he does not suggest that the lack of these documents directly affected the trial in 3:02-cv-514, nor does the record in that case suggest that he objected at trial that the lack of these materials prejudiced him. Even in his motion to reconsider, Mr. Portee does not claim that he suffered direct harm from not having these documents at trial. He asserts only that the confiscation of these documents caused him to worry and lose sleep, thereby making him less sharp and effective the following day at trial—a theory this court already rejected as stating no claim upon which relief can be granted.

For the forgoing reasons, the court:

    (1) GRANTS the plaintiff's motion for reconsideration (docket #17) in part and DENIES it in part;

    (2) GRANTS the plaintiff's request to reinstate cause of action four against Dr. Ericsson, GRANTS him leave to proceed against Dr. Ericsson in his personal capacity for damages on his Eighth Amendment deliberate indifference claim presented in cause of action four, pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Ericsson respond to the complaint as

provided for in the Federal Rules of Civil Procedure, DIRECTS the marshals service to effect service of process on defendant Ericsson on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order and the screening order of July 14, 2005, is served on him along with the summons and complaint; and

    (3) DENIES the plaintiff's motion to reconsider in all other respects.

SO ORDERED.

ENTERED: October 3 , 2005

                                    /s/ Robert L. Miller, Jr.
                                    Chief Judge
                                    United States District Court