UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL PORTEE, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | CAUSE NO. 3:04-CV-768 RM |
| ) | |
| DR. JOHN VANNATTA, *et al.*, ) | |
| ) | |
|     Defendants ) | |

OPINION AND ORDER

Daniel Portee filed this *pro se* action pursuant to 42 U.S.C. § 1983. One of the defendants is Dr. Nana K. Ericsson, M.D., who, at the time the events Mr. Portee complains of, was an employee of Prison Health Services stationed at the Indiana State Prison. On October 31, 2005, a summons was returned to the court executed by Summer Sharp on behalf of Dr. Ericsson.

Counsel has now entered a special appearance for Dr. Ericsson for the limited purposed of challenging service of process on Dr. Ericsson. The affidavit of Summer Sharp states that she is an employee of Prison Health Services and that she inadvertently accepted service for Dr. Ericsson. Ms. Sharp states that Dr. Ericsson has not been employed by Prison Health Services since May 2004, that Dr. Ericsson hasn't authorized her to accept service of process on his behalf, and that she doesn't know Dr. Ericsson's current whereabouts.

Service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. *See* F.D.I.C. v. Spartan Mining Co., 96 F.R.D. 677, 681 (S.D. W. Va. 1983), *aff'd*, 731 F.2d 1134 (4th Cir. 1984). Even actual notice of a lawsuit, without service, is

insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant. Bennett v. Circus U.S.A., 108 F.R.D. 142, 148 (N.D. Ind. 1985). The requirement of proper service is not waived by the entry of an appearance by or on behalf of a defendant. Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990).

Fed. R. Civ. P. 4(m) mandates dismissal without prejudice if a defendant is not served with the summons and complaint within 120 days after the filing of the complaint unless the plaintiff can show "good cause" why service was not made within that time. Tso v. Delaney, 969 F.2d 373, 375 (7th Cir. 1992); Geiger v. Allen, 850 F.2d 330, 331-32 (7th Cir. 1988). The U.S. Marshal's office is charged with effecting service of process for inmates confined in state penal institutions. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more that the information necessary to identify the defendant." Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990).

The Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(m). *Id.* at 602. Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990). In Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995), the court of appeals held that if the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, then the Marshals' failure to serve process was "good cause" for purposes of Rule 4(m). Under the authority of Sellers and Graham, the Marshal has not fully discharged his duty to Mr. Portee until it has established that the Marshals Service cannot reasonably discover Dr. Ericsson's current address.

For the foregoing reasons, the court:

(1) GRANTS the motion to strike service of process on defendant Ericsson (docket #47), and DIRECTS the clerk to strike the return receipt for Dr. Nana K. Ericsson, M.D., from the docket in this case;

(2) DIRECTS the Clerk's office to issue an alias summons for Dr. Nana K. Ericsson, M.D.; and

(3) DIRECTS the Marshals Service for the Northern District of Indiana to contact Prison Health Services and the Indiana State Prison to determine Dr. Ericsson's last known home address, and to attempt to serve him with service at that address. If the Marshals Service cannot obtain a home address for Dr. Ericsson, it should notify the court in writing.

SO ORDERED.

ENTERED: December 9 , 2005

                                       /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court