UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL C. PORTEE, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:04-CV-768 RM |
| DR. JOHN VANNATTA, *et al.,* | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Daniel Portee submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights while he was housed at the Miami Correctional Facility ("MCF"). The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several claims and defendants, and allowed Mr. Portee to proceed against against defendants Chad Barr, Lieutenant Riggle, Sergeant Todd, Sergeant Pretorious, and Dr. Barbara Kasper on several claims. The court later reinstated one claim against Dr. Ericsson.

The defendants have moved for summary judgment pursuant to FED R. CIV. P. 56. Despite being warned of the consequences of not responding to the defendants' summary judgment motions, Mr. Portee has not responded. For the reasons that follow, the court grants the defendants' summary judgment motions.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot

>rest on his pleadings, but must produce his own evidence. <u>Hughes v. Joliet Correctional Ctr.</u>, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. <u>Celotex Corp.</u>, 477 U.S. at 324.
>
>       . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp.</u>, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

<u>McGinn v. Burlington Northern R.R. Co.</u>, 102 F.3d 295, 298 (7th Cir. 1996).

CLAIMS AGAINST DEFENDANT BARR

Mr. Portee alleges that a doctor diagnosed him as needing partial dental plates, and prescribed partials for him. In cause of action seven, Mr. Portee alleges that MCF Health Care Administrator Chad Barr countermanded the prescription for partials.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. <u>Estelle v. Gamble</u>,

429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gil v. Reed, 381 F.3d 649, 664 (7th Cir. 2004).

The defendants submit the declarations of Prison Health Services Regional Medical Director Eke Kalu, M.D., and Mr. Barr. These declarations state that Dr. Kalu, not Mr. Barr, made the decision to reject Mr. Portee's request for partials. Dr. Kalu further states that he rejected Mr. Portee's request on medical grounds. Because the defendants' unrebutted submissions establish that Mr. Barr wasn't the person who denied Mr. Portee's request for dentures or partials, he is entitled to summary judgment. As an administrator, Mr. Barr was entitled to rely on the judgment of medical professionals such as Dr. Kalu. See Zentmyer v. Kendall County, Ill., 220 F.3d 805, 812 (7th Cir. 2000); Shakka v. Smith, 71 F3d 805, 812 (4th Cir. 1995).

### CLAIMS AGAINST DEFENDANTS RIGGLE, TODD, AND PRETORIOUS

In causes of action nine and eleven, Mr. Portee alleges that defendants Riggle, Todd and Pretorious conspired to fabricate a false conduct report accusing him of waving his cane in the air and threatening to use it as a weapon. He also alleges that they provided false information to the medical department resulting in the revocation of his cane pass, leaving him without a painless way to move about.

According to defendants Riggle, Todd, and Pretorious's declarations, Mr. Portee complained to Sgt. Todd that he was having problems with other inmates.

3

Mr. Portee then waved his cane in the air, stating that he had a cane and if he broke it he would have a "poker." Sgt. Todd wrote a conduct report charging Mr. Portee with threatening behavior. He also reported Mr. Portee's behavior to his superior, Lt. Riggle, who passed the information on to the medical department. Based on this information, a doctor discontinued Mr. Portee's pass allowing him to possess a cane. All three defendants state that they did not conspire against Mr. Portee, falsely accuse him of threatening behavior or forward false information to the medical department.

Because defendants Riggle, Todd, and Pretorious met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Portee to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether these defendants provided false information for the purpose of depriving him of his cane for the purpose of causing him pain. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Lujan v. Nat'l Wildlife Fed'n</u>., 497 U.S. 871, 884 (1990), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323. Because Mr. Portee did not respond to the defendants' summary judgment motion he has made no showing that would avoid summary judgment in favor of defendants Riggle, Todd, and Pretorious.

4

### CLAIMS AGAINST DEFENDANT ERICSSON

In cause of action four, Mr. Portee alleged that the information provided by defendants Riggle, Todd, and Pretorious caused the medical department to revoke his cane pass on or about June 17, 2003. He asserts that a prison disciplinary board found him not guilty of the charges brought against him by Sgt. Todd, but Dr. Ericsson did not restore his cane until September. Mr. Portee alleges that Dr. Ericsson's failure to reissue the medical pass for his cane when he was found not guilty of threatening behavior constituted deliberate indifference to his serious medical needs.

The defendants have submitted Mr. Portee's medical records, which contain no suggestion that Mr. Portee requested the restoration of his cane until September. The medical records establish that Dr. Ericsson saw Mr. Portee on September 19, 2003, determined that he demonstrated some difficulty ambulating, and ordered a cane pass issued to him for ninety days. According to Dr. Kalu's declaration, pursuant to IDOC policy, once Mr. Portee's cane pass had been revoked, it could not be reissued until after he was reexamined by a physician who determined that the cane pass was medically necessary. (Declaration of Dr. Kalu at p 6). When Mr. Portee submitted a request, Dr. Ericsson saw him and prescribed a cane. This record does not support a finding that Dr. Ericsson was deliberately indifferent to Mr. Portee's serious medical needs.

### CLAIMS AGAINST DEFENDANT KASPER

In cause of action thirteen, Mr. Portee alleges that on April 26, 2004, MCF law librarian Barbara Kasper wrote a memorandum listing several prisoners,

5

including Mr. Portee, who had between them made 80,000 free legal copies in a three-month period. He suggests that this memorandum was "retaliatory in nature." Mr. Portee alleges that he complained about the memorandum and that, in retaliation, Ms. Kasper began writing false conduct reports against him for disruptive conduct each time he attempted to obtain copies of legal materials.

Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. Sprouse v. Babcock, 870 F.2d 450 (8th Cir. 1989); Dixon v. Brown, 38 F.2d 379 (8th Cir. 1994). To establish a retaliation claim, Mr. Portee must establish first that he engaged in a constitutionally protected activity, and second that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977); Brookings v. Kolb, 990 F.2d 308, 315 (7th Cir. 1993).

To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999) (quoting Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994). If the defendants establish that a legitimate reason existed for their actions and they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. Mt. Healthy City School District v. Doyle, 429 U.S. at 575.

In her declaration, Dr. Kasper states that as law librarian, she had the responsibility of determining if prisoners were making exceptional numbers of free photocopies, and that Mr. Portee was one of the prisoners made the most

photocopies. No concrete action was taken against Mr. Portee because of his extensive photocopying. Moreover, Dr. Kasper denies that she ever retaliated against Mr. Portee because he filed court cases or complained about her. Dr. Kasper states that any conduct reports she wrote, or other actions she took in regard to Mr. Portee, were based on conduct that violated IDOC rules.

Dr. Kasper's declaration establishes a legitimate reason existed for her actions and that she would have taken the same actions regardless of whether Mr. Portee filed cases against her or complained about her conduct. Because Mr. Portee did not respond to the defendants' summary judgment motion, there is no evidence before the court from which it could conclude that the legitimate reasons given for the allegedly retaliatory acts are pretextual.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants Riggle, Todd, Pretorious, and Kasper's motion for summary judgment (docket #86), GRANTS defendants Barr and Ericsson's motion for summary judgment (docket #91), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: October  30 , 2006

                                         /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court